## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J&R SLAW, INC.,** | : | **No. 3:24cv1056** |
| **Plaintiff/** | : | |
| **Counterclaim Defendant** | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **CHESAKL ENTERPRISES, INC.,** | : | |
| **Defendant/** | : | |
| **Counterclaim Plaintiff** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Defendant/Counterclaim Plaintiff Chesakl Enterprises, Inc. ("Chesakl") has filed a motion for summary judgment against Plaintiff J&R Slaw, Inc. ("Slaw") in this action arising out of the alleged breach of a construction subcontract. (Doc. 26). For the reasons below, the motion will be denied.

**Background**

This case involves the construction of a 316,445 square foot warehouse.[1] (SOF ¶ 2). In early 2022, a company called PNK P1, LLC sought to build the warehouse on its property in Luzerne County, Pennsylvania. (Doc. 1, Compl. ¶ 6–7). PNK P1 executed a prime contract with Research, LLC, its general

---

[1] When possible, the court references Chesakl's statement of material facts ("SOF"), (Doc. 29), for facts that are not disputed in Slaw's response to that statement ("RSOF"), (Doc. 32, ECF pp. 1–2). Otherwise, this memorandum cites to portions of the summary judgment record supplied by the parties. At the summary judgment stage, all facts from the record are construed in a light most favorable to Slaw as the nonmoving party. <u>See</u> <u>Daniels v. Sch. Dist. of Philadelphia</u>, 776 F.3d 181, 187 (3d Cir. 2015) (citation omitted).

contractor, to construct the warehouse. (SOF ¶ 3).  Research subcontracted with Slaw to make and install precast concrete panels, footings, and dock pits. Id. Slaw, in turn, subcontracted with Chesakl for the installation of the precast concrete. Id. ¶ 4.  The subcontract was for the lump sum of $605,105 and defendant agreed to complete the work in eight (8) weeks.  (Doc. 32-2, Slaw Ex. 2, Subcontract § 9.2.2; Ex. A).

As asserted, Chesakl did not complete the work until approximately 79 days after the agreed-to completion date. (Doc. 32-4, Slaw Ex. 4 Aff. of T. Slaw, ¶ 9).  Under its contract with Slaw, Chesakl agreed that if it did not complete the work within the eight-week period, it would pay Slaw liquidated damages of $1,000.00 per day after a ten-day grace period.  (Doc. 32-2, Slaw Ex. 2, Subcontract §§ 3.4, 9.2.4; Ex. A).

On June 27, 2024, Slaw filed suit against Chesakl for breach of the subcontract. (Doc. 1)  On September 20, 2024, Chesakl filed an answer with affirmative defenses and counterclaims. (Doc. 7).  Chesakl asserts that Slaw breached the contract between the parties and violated the Pennsylvania Contractor and Subcontractor Payment Act, 73 PA. STAT. §§ 501, through its nonpayment.  Id.

After a period of discovery, Chesakl filed a motion for summary judgment regarding Slaw's claims. (Doc. 26).  In short, Chesakl argues that Slaw's breach

of contract claim must be supported by expert testimony. Slaw opposes the

motion with deposition testimony of Chesakl's principal and an affidavit from one

of Slaw's owners. As discussed below, the motion for summary judgment will be

denied.

**Jurisdiction**

As alleged, Slaw is a corporation organized under the laws of the

Commonwealth with its principal place of business in Lehighton, Carbon County,

Pennsylvania. (Doc. 1, Compl. ¶ 1). Chesakl is a corporation organized under

the laws of the State of New York with its principal place of business in Brooklyn.

Id. ¶ 2. Both Slaw and Chesakl allege that they have incurred damages in

excess of $75,000. Consequently, the court has jurisdiction pursuant to the

diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1). The court applies

Pennsylvania law to this dispute. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78

(1938).

**Standard of Review**

In its defense against Slaw's state law contract claim, Chesakl has filed a

motion for summary judgment. Summary judgment is proper when there is no

genuine issue of material fact in the case and the moving party is entitled to

judgment as a matter of law. Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir.

2010) (citation omitted); see also FED. R. CIV. P. 56(a). "A fact is material if its

3

resolution 'might affect the outcome of the suit under the governing law,'…[a]nd a dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " <u>Mall Chevrolet, Inc. v. Gen. Motors LLC</u>, 99 F.4th 622, 631 (3d Cir. 2024) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).

At this stage, the judge's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 249. All "facts in dispute," <u>Daniels</u>, 776 F.3d at 187, and all "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the opposing party," <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (cleaned up). "[W]hen there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." <u>Peterson v. Lehigh Valley Dist. Council, United Bhd. of Carpenters & Joiners</u>, 676 F.2d 81, 84 (3d Cir. 1982). Furthermore, "a court's role remains circumscribed in that it is inappropriate for a court to resolve factual disputes and to make credibility determinations." <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted). "[W]here the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." <u>Id.</u> (citations omitted).

Summary judgment may also be granted where a moving party demonstrates that the nonmoving party "has not made 'a showing sufficient to establish the existence of an element essential to that party's case ... on which that party will bear the burden of proof at trial.' " <u>Mall Chevrolet, Inc.</u>, 99 F.4th at 630 (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 332 (1986) (emphasis removed)); <u>see also</u> FED. R. CIV. P. 56(c), (e)(3).

**Analysis**

Slaw's breach of contract claim against Chesakl concerns delays and cost overruns. (Doc. 1, Compl. ¶¶ 16–17). Slaw seeks liquidated damages for the delays. <u>Id.</u> ¶ 18. Slaw also seeks direct equipment rental cost and material cost overruns in this action. <u>Id.</u> Chesakl's motion for summary judgment argues that Slaw needs expert testimony to advance these damages claims. Upon review of the record, summary judgment is not warranted.

In opposition to the motion, Slaw cites to a letter drafted by Alexandru Panuta, the principal of Chesakl, wherein Panuta admitted that work was delayed "due to [Chesakl's] inefficient planning and insufficient experience."[2] (Doc. 32-4, T. Slaw. Decl. ¶¶ 10–11; Doc. 32-5, A. Panuta Dep. 95:3–101:15). Under Pennsylvania law, where a defendant admits a breach of contract, a plaintiff is

---

[2] Panuta, in essence, testified that he signed the letter under duress to get paid. (Doc. 32-5, A. Panuta Dep. 95:3–101:15). A jury must weigh Panuta's testimony regarding the letter.

entitled to at least the recovery of nominal damages.  <u>Nemitz v. Reuben H.</u>
<u>Donnelley Corp.</u>, 310 A.2d 376, 379 (Pa. Super. Ct. 1973).

Based on this evidence, a reasonable jury may award Slaw liquidated
damages under the contract without expert testimony.  The subcontract called for
$1,000 per day in liquidated damages after a ten-day grace period.  Slaw claims
Chesakl finished 79 days late.  If a factfinder finds in favor of Slaw in this dispute,
an expert is not required for jurors to multiply one number by another number.
The lack of expert testimony does not preclude Slaw's claim for liquidated
damages.

As for Slaw's demand for damages stemming from equipment and material
overruns, Slaw has supplied an affidavit from Timothy Slaw, the plaintiff's co-
owner and corporate treasurer regarding Chesakl's "observable poor planning,
lack of coordination, and inefficient execution on both [p]recast [c]oncrete and
[s]tructural [s]teel work[.]" (Doc. 32-4 ¶ 13).  Timothy Slaw's affidavit details how
his company was compelled to mobilize extra equipment "to mitigate schedule
impacts and accelerate completion of the [p]recast scope" and materials due to
"Chesakl's inefficient installation methods and failure to adhere to proper erection
practices." <u>Id.</u> ¶¶ 13–26.

The matters contained within Timothy Slaw's affidavit include his
observations on site, his opinions, and combinations of the two.  Timothy Slaw's

observations on the construction site and in dealing with contract payments, equipment rentals, and materials payments would be admissible under Federal Rule of Evidence 602. His opinions would be limited at trial under Rules 701–705 of the Federal Rules of Evidence depending on if he is called as a lay witness or if he is called as an expert witness. Furthermore, lay witnesses like Timothy Slaw are authorized to testify about damages where such testimony stems from their personal knowledge and specialized experience in specific fields. See Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 81 (3d Cir. 2009) (citing Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir.1993); In re Merritt Logan, Inc., 901 F.2d 349, 360 (3d Cir. 1990); Teen–Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 403 (3d Cir. 1980)) Since this matter involves installing precast concrete in the construction of a large warehouse in conformance with contract costs and timeframes, expert testimony may not be needed to advance Slaw's damages claims for overruns. The best course is to deny the motion for summary judgment, schedule this matter for trial, and make evidentiary determinations as evidence is presented. At this juncture, Timothy Slaw's affidavit is sufficient to deny Chesakl's motion for summary judgment. An appropriate order follows.

Date:___2/3/26

_____
JUDGE JULIA K. MUNLEY
United States District Court